|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| COLORAMA PAINTS AND EQUIPMENT, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>AKZO NOBEL COATINGS, INC., et al.,<br><br>    Defendants. | Civil No. 06-1904 (JAF) |

**OPINION AND ORDER**

In this lawsuit Plaintiff Colorama Paints and Equipment, Inc. ("Colorama") alleges that Defendants Akzo Nobel Coatings, Inc. ("Akzo Incorporated"), Akzo Nobel, Ltd. ("Akzo Limited"), and unnamed others have terminated the parties' distribution agreement without just cause in violation of the Puerto Rico Dealer's Act ("Law 75"), 10 L.P.R.A. §§ 278-278d (2004 & Supp. 2004). Docket Document No. 1. Defendants argue that the parties' distribution agreement requires that any such dispute be arbitrated, and request this court to compel the parties to arbitrate. Docket Document No. 11. Plaintiff opposes. Docket Document No. 28.

We derive the following relevant facts from the parties' filings. Docket Document Nos. 1, 11, 28. Colorama and Akzo Incorporated signed a written distribution agreement in November 2003 ("the first distribution agreement"). The first distribution agreement established that Colorama would distribute Akzo

Civil No. 06-1904 (JAF)                                                          -2-

Incorporated's car refinish products in Puerto Rico for the period of one year.  The first distribution agreement also included a provision relating to arbitration, which reads in relevant part:

> Consistent with the provisions of the United States Arbitration Act (9 U.S.C. § 1 et seq.), the Parties agree that the dispute resolution process outlined in this Section, which includes binding Arbitration, shall be the exclusive mechanism for resolving any dispute, controversy or claim among the Parties. Specifically, the Parties agree to resolve all such disputes *arising during the term of this Agreement and thereafter* through binding Arbitration conducted in accordance with the commercial rules and procedures of AAA Arbitration, with arbitration hearings to be held in Atlanta, Georgia.

Docket Document No. 11, Ex. 11-2 (emphasis added).

During the term of the first distribution agreement, Colorama worked to boost Akzo Incorporated's profile in Puerto Rico, convincing eight stores to carry its products. The first distribution agreement expired in November 2004, after which time Colorama ceased to do business with Akzo Incorporated. Docket Document No. 28.

After the first distribution agreement expired, Colorama then entered into another distribution agreement with Akzo Limited, a Brazil-based branch of the same company, and began to distribute its products in Puerto Rico ("the second distribution agreement").  On September 5, 2006, Carlos Santander, acting as Defendants' representative, visited Colorama's offices and, upon his request, Colorama supplied him with various information regarding Colorama's clients, including their names, telephone numbers, and account

numbers. On September 6, 2006, Defendants sent a letter to Colorama terminating their business relationship.

Colorama filed this complaint against Defendants on September 14, 2006, alleging that it was terminated without just cause in violation of Law 75. Docket Document No. 1. Referring to the arbitration clause in the first distribution agreement, Defendants filed a motion on October 27, 2006, asking this court to compel the parties to arbitrate the dispute. Docket Document No. 11. Colorama filed a response in opposition to Defendants' motion on December 8, 2006. Docket Document No. 28.

The Federal Arbitration Act, § 2, provides that a "written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A federal district court has the authority to enforce such an agreement by issuing an order compelling arbitration when, save for such an agreement, it would have jurisdiction over a case. 9 U.S.C. § 4.

Colorama insists that we cannot grant Defendants' motion for an order compelling arbitration because its lawsuit only implicates the *second* distribution agreement with Akzo Limited. Docket Document No. 28. Colorama points out that the written arbitration provision

1  invoked by Defendants is in the first distribution agreement, and
2  that Defendants have not alleged or proffered any evidence that the
3  parties ever agreed that the arbitration provision would remain in
4  force for the second distribution agreement. Id.

5       As a preliminary matter, we observe that we are somewhat
6  confused by Colorama's argument that the first distribution agreement
7  is irrelevant to the present complaint. Docket Document No. 1.
8  Firstly, Colorama detailedly described the first distribution
9  agreement in its complaint. Id. Secondly, Colorama included Akzo
10 Incorporated, which was a party to the first, but not the second,
11 distribution agreement, as a Defendant in this case. Id. Finally,
12 Colorama submitted the first distribution agreement as evidentiary
13 support in a motion for preliminary injunction filed in this case.
14 Docket Document No. 5. It therefore strikes us as a bit odd, given
15 Colorama's repeated invocation of the first distribution agreement
16 throughout this litigation, that Colorama now accuses Defendants of
17 muddling the facts of this case with their own references thereto.
18 Despite our confusion, we accept Colorama's claim that the Law 75
19 violation alleged in this case involves only the termination of the
20 second distribution agreement.

21      We agree with Colorama that we may not compel arbitration on the
22 assumption that the parties meant for the written arbitration clause
23 to apply with equal force to the second distribution agreement. In
24 Nissan North America, Inc. v. Jim M'Lady Oldsmobile ("Nissan"), the

Seventh Circuit considered a case very similar to the one at bar. 307 F.3d 601 (7th Cir. 2002). In that case, the car manufacturer Nissan and a car dealer signed a written dealer agreement containing a mandatory arbitration clause. Id. After the written contract expired by its terms in May 1999, the parties continued doing business much as before, but without signing a new written agreement. Id. When a dispute later arose out of their business dealings, Nissan successfully moved for a district court order compelling the parties to arbitrate. Id. The car dealer appealed, and the Seventh Circuit vacated the district court's order compelling arbitration, remanding the case for further proceedings and factual development.

The Nissan court critically noted that there was no evidence in the record supporting Nissan's argument that the parties extended their original contract, with all of its terms intact, when they continued doing business beyond May 1999. That being said, the court said that the parties' dispute "cannot, at least absent additional evidence, be said to relate in any way to the expired contract." Id. at 604.

Defendants' argument that the second distribution agreement is not a new contract, but merely an extension of the first with all its terms intact, suffers the same evidentiary problem that concerned the Seventh Circuit in Nissan. Defendants have not produced any evidence that Colorama ever agreed to extend the expiration date of the first distribution agreement beyond November 2004 with Akzo Limited as a

substituted party for Akzo Incorporated. On such a sparse record, we are unwilling to compel arbitration and we, therefore, deny Defendants' motion.

There is one last order of business. In their opposition to Defendants' motion to compel arbitration, Colorama reiterates its request for a preliminary injunction to preserve the status quo pending resolution of this dispute. Docket Document No. 28. We have already explained in our November 28, 2006, Opinion and Order why Colorama is not entitled to a preliminary injunction in this case, and we, therefore, deny Colorama's renewed request, which is not accompanied by any new arguments or evidence, for all the same reasons. Docket Document No. 26 (observing that Colorama had not presented any evidence as to what irreparable injury they were suffering, and citing to Waterproofing Sys., Inc. v. Hydro-Stop, Inc., 440 F.3d 24, 33 (1st Cir. 2006), as an example where a party requesting preliminary injunction in similar circumstances had handled their evidentiary burden successfully).

For the foregoing reasons, we **DENY** Defendants' motion to compel arbitration, and **DENY** Plaintiff's renewed motion for preliminary injunction. Docket Document Nos. 10, 11, 28.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 11th day of January, 2007.

                                    S/José Antonio Fusté
                                    JOSE ANTONIO FUSTE
                                    U. S. District Judge